*153 OPINION OF THE COURT
Harry E. Seidell, J.
This is a motion to vacate sentence on the ground that it is unauthorized and is invalid since "[t]he law in effect at the time of the offenses provided that where a Court imposes a sentence of imprisonment not in excess of sixty (60) days on either a felony or a misdemeanor, then it may also impose a sentence of probation (60.01 [2d] Penal Law) * * * Under current law, which became effective on September 1, 1982, the Court could have sentenced the defendant to six (6) months in jail, concurrent with five (5) years probation, however, the law in effect at the time of the commission of the defendant’s crimes, only allowed for sixty (60) days in jail”.
This defendant pleaded guilty on November 29, 1982 to three counts of an eight-count indictment in full satisfaction of that indictment and for certain recommendations from the District Attorney with reference to another matter then pending in the District Court of this county. The crimes to which the defendant pleaded guilty are forgery in the second degree, a class D felony, grand larceny in the second degree, a class D felony and practicing law without a license, a misdemeanor. The plea bargain included a promise of "split sentence” of 60 days’ incarceration concurrent with and as a condition of five years’ probation.
Upon accepting the plea the defendant was released on nominal bail.
The defendant failed to show up for sentencing. A warrant was issued. The warrant was ultimately executed and the defendant produced for sentencing. The sentencing record reflects that at the time of his arrest he had in his possession several different forms of identification for other real or fictional persons and had been working in another county under an assumed name.
The defendant through his attorney requested a "sentence of commitment of sixty (60) days, plus probation * * * then give him some local definite time on the other two”. The Assistant District Attorney concurred in this recommendation and suggested 60 days be imposed on each of the crimes to which the defendant had pleaded and that the sentences run consecutively. The defendant then indicated he did not wish to withdraw his plea and was ready for sentencing at that time.
The court sentenced the defendant in accordance with his request with the concurrence of the Assistant District Attor *154 ney. This sentence falls within the permissible limits of incarceration concurrent with probation that existed at the time of the sentence (Penal Law § 60.01 [2] [d], eff Sept. 1, 1982).
The question before the court is whether this statute may be used to sentence a defendant for crimes which occurred before its effective date.
The statute itself contains no prohibition against such application.
No statute may be given retroactive effect if it violates the ex post facto provisions of the United States Constitution. An ex post facto law has been defined as follows: "The constitutional interdiction of ex post facto laws (U.S. Const., art. I, §§ 9, 10) reaches out to (1) every law which makes criminal an act done before its enactment but which was then innocent; (2) every law that aggravates a crime or makes it greater than it was when committed; (3) every law that changes the punishment and inflicts a greater punishment than the law affixed to the crime, when committed; and (4) every law that alters the legal rules of evidence and receives less, or different evidence than the law required at the time of the commission of the offense, in order to convict the offender or (5) otherwise deprives the accused of any substantial right or immunity possessed by him at the time when he is said to have committed the offense charged” (People ex rel. Lonschein v Warden, 43 Misc 2d 109, affd 15 NY2d 663, and the cases cited therein).
Where a statute is ameliorative and takes the form of a reduction of punishment for a particular crime, the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date (People v Oliver, 1 NY2d 152).
A statute which permits a lesser degree of punishment than when the offense was committed cannot be regarded as an ex post facto law (People v Warren, 79 Misc 2d 777; People v Hayes, 140 NY 484). Where a statute permits the avoidance of a harsh jail term and imposes a lighter penalty on the defendant than would have been the case if the statute did not exist, the statute is amelioratory and confers benefits by granting the defendant a method in which he could serve a shorter jail sentence (People v Warren, supra).
At the time of sentencing this court, having in mind the presentence report, arguments of counsel at the presentence *155 conference and the conduct of the defendant, came to the conclusion that the "split sentence” of 60 days concurrent with probation was inadequate to the needs of society and the defendant and considering the options for sentence available under the Penal Law as it existed when the crimes were committed believed that incarceration in a State correctional facility was the best suited to the case, as appears in the transcripts submitted with the papers herein.
The maximum term of imprisonment for a class D felony at the time of the commission of the crimes and at the time of sentencing was seven years with a minimum of at least one year but not more than one third of the maximum term imposed. Alternative forms of punishment were available, including a "split sentence” with a maximum of 60 days’ confinement which this court found to be inadequate.
The amendment permitting a "split sentence” of six months with five years’ probation which was in effect at the time of sentencing did not alter the prescribed punishment for the crime, it did, however, furnish an additional alternative not included in the prior law.
This court was faced with a situation very similar to the Warren court (People v Warren, supra) and came to the same conclusion, i.e., that to sentence the defendant as he and the District Attorney requested was permissible under the law in effect at the time of sentence and conferred a benefit upon the defendant. The intention of the court was to allow to the defendant the shorter period of incarceration permitted under the statute then in existence rather than impose the longer term of imprisonment under an indeterminate sentence.
The court therefore concludes that the sentence was a legal and authorized sentence under the Penal Law as it existed at the time defendant was sentenced (People v Warren, supra; People v Snyder, 50 AD2d 939).*

 The Snyder case originated in Suffolk County. The court records show the defendant was indicted April 29, 1974, arraigned May 5, 1974 and pleaded guilty September 23, 1974.